FRANK SOUTHARD AND JULIUS NEWMAN, PLAINTIFFS
IN ERROR, V. HIRAM A. BRYANT, DEFENDANT IN
ERROR.

[FILED MARCH 20, 1889.]

Guaranty: CONSIDERATION. In an action upon a guaranty where
the defendants had pleaded want of consideration, and also an
agreement between a husband and wife who had separated, that
the guaranty was given in consideration that the husband would
not molest nor disturb his wife, which contract he had broken,
*held,* there being doubt as to the true consideration of the con-
tract, that the court erred in not admitting evidence tending to
sustain the allegations of the answer.

ERROR to the district court for Gage county. Tried
below before BROADY, J.

*Winter & Kauffman,* for plaintiff in error, cited: *Sears
v. Brink,* 3 Johnson, 214; *Rogers v. Kneeland,* 10 Wend.
250; *Kerr v. Shaw,* 13 Johns. 236; *Taylor v. Pratt,* 3
Wis. 674; *Saunders v. Wakefield,* 4 Barn. & Ald. 595;
*Fish v. Hutchinson,* 2 Wils. 94; *Anderson v. Hayman,* 1
H. Black. 121; *Emerick v. Sanders,* 1 Wis. 79, and cases
therein cited.

*A. D. McCandless,* for defendant in error, cited: Code,
sections 381, 382.

MAXWELL, J.

The defendant in error recovered a judgment in the court
below against the plaintiffs in error, upon the following
agreement of guaranty:

"WYMORE, NEB., April 26, 1887.
"We hereby promise and agree to release and defend H.
A. Bryant on a certain mortgage held by A. Q. Smith

against said Bryant's team of horses in case of A. Q. Smith to ever collect said mortgage.

"[Signed]                    FRANK SOUTHARD.

"JULIUS NEWMAN."

Frank Southard in his answer alleges: First, that the horses referred to belonged to Lillie Bryant, the wife of the defendant in error; second, that the defendant in error, upon the separation, kept all the joint property of himself and wife; third, that there was no consideration for the agreement; and fourth, "that said written agreement was given as a part of executory contract of separation between Hiram A. Bryant and Lillie Bryant, husband and wife. Said contract was entered into by and between Hiram A. Bryant and defendant Frank Southard, brother and trustee of Lillie Bryant, for that purpose, the terms of which agreement were that said husband and wife should live wholly separate and apart; that said plaintiff should forever cease to communicate with, harass, or in any manner to molest and disturb said Lillie Bryant; and that said plaintiff should leave Gage county and not return thereto. Plaintiff has wholly refused and failed to perform his part of said agreement; but, on the contrary, has repeatedly attempted to interfere with said Lillie Bryant, and has written scandalous and libelous letters to her, charging her with immoral conduct, and repeating to her vile rumors concerning her in a libelous and malicious spirit, and threatening her brother with arrest on a charge he proposed to bring under the criminal laws of this state; wherefore the consideration for said written agreement has wholly failed."

In support of this answer, the plaintiffs introduced the deposition of Frank Southard, who testified as follows:

Q. State fully the manner in which you came to sign the instrument given to H. A. Bryant, which he sues on in this action.

A. My sister, Lillie Bryant, had finally decided to leave Bryant, and being apprehensive of future annoyance and

molestation by him, she was willing for him to keep her team of horses if he would agree to leave her entirely alone; so I signed it.

Q. What promise or agreement did Bryant make and covenant to keep as a consideration for your signing said instrument?

A. Bryant then agreed most positively that if we, that is, J. Newman and myself, would sign the instrument sued on in this action, he would neither speak to, visit or write to my sister, or attempt to do either for all time to come.

Q. Did he fulfill his said agreement?

A. Not at all; nor does he pretend to keep it.

Q. What consideration, if any, have you ever received from Bryant, or any one for him, for signing the said instrument?

A. None whatever.

Q. Did Lillie E. Bryant, or any one for her, at the time of the settlement and division of property between H. A. Bryant and herself, receive any of said property or any consideration whatever from said Bryant or any one for him, for her said team, or for the instrument given said Bryant which is herein sued upon?

A. None whatever.

The cross examination drew out no new facts. In support of the alleged contract, the defendants below (plaintiffs in error) offered on the trial to prove by the witness Edward Southard, father of Lillie Bryant, "the breach and utter failure to perform the contract of non-interference and non-molestation of Mrs. Bryant, by the plaintiff, Hiram A. Bryant, in consideration for which and which defendants allege was the sole consideration of the undertaking given to H. A. Bryant by Frank Southard and Julius Newman, upon which this action is brought." This was excluded, to which the defendants below excepted, and now assign the same for error.

The alleged contract of non-interference is set up in the answer and testified to by Frank Southard, one of the plaintiffs in error, and the facts in relation to the breach of it should have been submitted to the jury. The testimony tends to show that the defendant in error and Lillie Bryant are husband and wife, and had been for some time prior to the making of the contract upon which the suit is brought, and that they kept a boarding-house. For some cause, which does not appear in the testimony, they separated, and divided the property. There is but little testimony as to the ownership of the joint property; that is, whether purchased by husband or wife; but we are led to infer that nearly all of the property held by them had been purchased and paid for by the wife. The horses were apparently owned by her, and the chattel mortgage referred to in the guaranty was executed by her. The testimony tends to show that the husband and wife divided the property; but how it was divided — that is, what articles were taken by each — does not appear. The horses, however, were taken by the husband, and the guaranty executed about that time. Whether this guaranty was given in consideration of certain property taken by the wife, or, as claimed by the plaintiffs in error, on an independent contract between the husband and wife that he should not molest her, the testimony leaves it uncertain. In an action between the original parties to an agreement, the consideration may be inquired into, and a contract without consideration, or based on an illegal one, ordinarily cannot be enforced. It is evident that the facts have been but partially made to appear in this case, and no doubt they can be fully developed on the next trial. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.